### GILFORD v. BABIES' HOSPITAL OF THE CITY OF NEW YORK.

*(Supreme Court, Special Term, New York County. June 18, 1888.)*

1. NUISANCE — ESTABLISHING HOSPITAL NEAR RESIDENCES — INJUNCTION TO RESTRAIN.
   The use of a building, in a portion of a city entirely given up to residences, as a hospital for the care of sick infants, including any who may develop, after admission, contagious disease, is a nuisance, which will be restrained by an injunction in a suit brought by an owner of a contiguous dwelling.[1]

2. DEED — CONSTRUCTION — PROHIBITION OF NUISANCES ON GRANTED PREMISES.
   A building cannot be used as a hospital for the care of sick infants, including any who may develop, after admission, contagious disease, when there is a restrictive covenant in the deed that "no tenement house, livery, or other stable, slaughter-house, butcher or smith shop, forge, steam-engine, foundry, manufactory of metals, glue, varnish, vitriol, turpentine, or ink, or any brewery or distillery, or any other building, trade, or business which may be dangerous, injurious, or offensive to the neighboring inhabitants, shall be built, allowed, or carried on on the above-granted premises."

On final hearing for an injunction.

Action brought by Thomas B. Gilford against the Babies' Hospital of the City of New York, to restrain defendant from using a certain building on the corner of Lexington avenue and Forty-Fifth street for an hospital.

*Hays & Greenbaum,* for plaintiff. *Rollins & Ledyard,* for defendant.

BEACH, J. In Lexington avenue, at Forty-Fifth street, the defendant has purchased a house, originally a dwelling, under a restrictive covenant, and proposes to there conduct a hospital for the care of sick infants, including any who may develop, after admission, contagious disease. The plaintiff, owner of a contiguous dwelling, brings suit for a decree enjoining the business, because a nuisance and a breach of the restrictive clause. The locality is residential. I think the plaintiff has undoubted right to file the bill upon the first ground. There cannot be doubt that the second presents a serious legal question. *Dock Co.* v. *Leavitt,* 50 Barb. 135; Wood, Nuis. § 1. A business certain to bring material injury to others is, I apprehend, a nuisance *per se.* One where material injury may be inflicted on others, dependent upon the manner of prosecution, is not a nuisance *per se,* but requires clear proof showing the mode of conduct will, in reasonable judgment, bring material harm to others. If a case is thus made out, the court will grant relief by injunction. There are cases in the books where the proofs or the affidavits upon motion have fallen short of this standard, and the writ *pendente lite* and by decree has been refused, until after successful suit at law. The adjudications upon motions are to a certain extent inapplicable here, the evidence being before the court. In my opinion the hospital is not a nuisance *prima facie.* While not within that class, there are general features inseparable from its maintenance proper for consideration upon the contention of its being shown a nuisance from the way of management. In these are included the noise of patients, their advent, removal, and death, with its consequences. From the evidence appears the reasonable probability of contagious disease, provided for by a wise provision, although limited to cases to develop after reception. While this may diminish the number, it does not remove the important factor. The locality is shown wholly devoted to private residences, until this most laudable undertaking selected the house for its accomplishment.

The learned counsel have cited many adjudications, and the subject is thoroughly treated in Wood's Law of Nuisances. It seems unnecessary to

[1] See note at end of case.

specify cases, because each one differs from most others in facts. In *Ross* v. *Butler*, 19 N. J. Eq. 294, the court states a correct conclusion: "In fact, no precise definition can be given. Each case must be judged of by itself." In Wood's text book it is well said, at section 9: "The locality, the condition of property, and the habits and tastes of those residing there, divested of any fanciful notions, or such as are dictated by 'dainty modes and habits of living,' is the test to apply in a given case. In the very nature of things there can be no definite or fixed standard to control every case in any locality. The question is one of reasonableness or unreasonableness in the use of property, and this is largely dependent upon the locality and its surroundings." To my mind the hospital is not a reasonable use of property, considering the locality and surroundings. The care of sick infants, so to speak, in gross, brings danger to the youthful members of families living near. The aggregation multiplies the risk of ordinary existence, whatever may be the degree of care taken. Who would willingly submit his child to such chance? and, not being called upon to do so by the necessities of ordinary life, the imposition becomes an invasion of right. This is not a harsh application of the rule, because numberless locations are easily attainable where the beneficent charity could do its work with injury to none.

Then, too, this site was selected with full notice from a restrictive covenant in the deed. That, too, I think fatal to defendant. "No tenement house, livery, or other stable, slaughter-house, butcher or smith shop, forge, steam-engine, foundry, manufactory of metals, glue, varnish, vitriol, turpentine, or ink, or any brewery or distillery, or any other building, trade, or business which may be dangerous, injurious, or offensive to the neighboring inhabitants, shall be built, allowed, or carried on on the above-granted premises." This is an express agreement the defendant must perform. If it is not sufficiently broad in its terms to protect adjacent owners, then nothing short of omniscient designation will do so. The effect should not be diminished by legal refinement or argumentative clipping, but its terms should meet with a just yet not a broadening interpretation. I am inclined to think there was error on the trial in excluding proof claimed to show a depreciating effect upon surrounding property. It may well have been competent under the head of "injury to neighboring inhabitants." The court has invariably enforced such covenants, save when the character of the contiguous property has wholly changed in use from the original design. I am unable to read this one without a first thought of its preventive application. Neither does the rule of *noscitur a sociis* lessen its legal force. The hospital, even if not dangerous, is injurious and offensive, in the same way as a tenement house, livery or other stable, butcher-shop, or brewery. The rule calls only for similitude in the nature of the injury or offense, not the particular manner or means of its conveyance. The tenement may bring crowd, turbulence, and contagion: so may the hospital; the others may give offense to the senses: so may this business as well. Decree for plaintiff, with costs.

### NOTE.

NUISANCE. Anything which disturbs one in the possession of his property, rendering its ordinary use or occupation physically impossible, is a nuisance. Railroad Co. v. Baptist Church, 2 Sup. Ct. Rep. 719; Railroad Co. v. Angel, (N. J.) 7 Atl. Rep. 432; Evans v. Railroad Co., (N. C.) 1 S. E. Rep. 529. A business, lawful in itself, which renders the enjoyment of a neighboring dwelling-house materially uncomfortable, is a nuisance. Snyder v. Cabell, (W. Va.) 1 S. E. Rep. 241; Hurlbut v. McKone, (Conn.) 10 Atl. Rep. 164. But it must be of such a nature as materially to affect the comfort or the use and enjoyment of such property. Stadler v. Grieben, (Wis.) 21 N. W. Rep. 629. All injury to health is special and irreparable damage, which will justify the interference of equity with a nuisance. De Vaughn v. Minor, (Ga.) 1 S. E. Rep. 433. An engine-house and repair-shop erected by a railroad corporation in a city so near to another building as to render it useless for the purposes for which it is erected, is a nuisance. 2 Sup. Ct. Rep. 719. So are an engine-house and coal-bins, causing soot to be scattered upon the neighboring premises, Cogswell v. Railroad Co., (N. Y.) 8 N. E. Rep. 537; and

a smoke-stack causing like annoyance, Sullivan v. Royer, (Cal.) 13 Pac. Rep. 655. Any business which necessarily and constantly impregnates large volumes of the atmosphere with disagreeable, unwholesome, or offensive matter. Pennoyer v. Allen, (Wis.) 14 N. W. Rep. 609.

See, also, Quinn v. Electric Light Co., (Mass.) 3 N. E. Rep. 202, and note; Quinn v. Electric Light Co., Id. 204; Trulock v. Merte, (Iowa,) 34 N. W. Rep. 307; Shivery v. Streeper, (Fla.) 3 South. Rep. 865, and note; Appeal of the Art Club, (Pa.) 13 Atl. Rep. 537.