HEATON et al. v. PACKER et al.

(Supreme Court, Appellate Division, First Department. April 8, 1909.)

1. NUISANCE (§ 3*)—WHAT CONSTITUTES—HOSPITAL FOR INSANE.
　　Though hospitals for insane persons may be so conducted in certain localities as to become nuisances, they are not nuisances per se.
　　[Ed. Note.—For other cases, see Nuisance, Dec. Dig. § 3.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. NUISANCE (§ 23\*)—ABATEMENT BY INJUNCTION.**
　　An injunction will not be granted to restrain an apprehended nuisance from certain use of property, unless it is inevitable or apparent that the proposed use will actually result in a nuisance.

　　[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 55; Dec. Dig. § 23.\*]

**3. PLEADING (§ 214\*)—ADMISSIONS BY DEMURRER.**
　　A demurrer to the complaint to restrain the use of a building as a hospital for insane persons does not admit that the things will actually occur as alleged which plaintiff apprehends in the operation of such hospital.

　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 526½·; Dec. Dig. § 214.\*]

Appeal from Special Term, New York County.

Action by Mary A. W. Heaton and others against Flavius Packer and others. From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Reversed.

Argued before PATTERSON, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and HOUGHTON, JJ.

George C. Austin, for appellants.
John Ross Delafield, for respondents.

HOUGHTON, J. The complaint alleges that the plaintiffs own and occupy lands in the borough of the Bronx, in the city of New York, adjoining to and abutting upon property owned by the defendants; that the lands occupied by the plaintiffs are in a high-class residential portion of the city of New York, and are suitable and valuable for residence purposes only; that the defendants have purchased the lands described in the complaint for the purpose of establishing, and are now erecting and altering the buildings thereon for the purpose of using them for a hospital for the insane, and the housing, keeping, and caring for a large number of insane persons. The complaint further sets forth a large number of dangerous and disagreeable things which will occur from the establishing and maintaining of such a hospital for the insane, amongst others, that it will greatly depreciate the value of plaintiffs' property for residential purposes, and destroy the neighborhood as a residential section, and make it dangerous for women and children to go upon the streets adjacent to the hospital, and make the residents nervous and ill from seeing unseemly sights and hearing unseemly noises. The relief asked is, not that the defendants shall be restrained from the further erection and alteration of buildings, but that they shall be restrained from using them for the purposes of maintaining a hospital for the insane. The defendants demurred to the complaint on the ground that it failed to state a cause of action, and, on that demurrer being overruled, appealed to this court.

We are of the opinion that the demurrer should have been sustained. Hospitals and insane asylums are necessities, and, while they may be so conducted in certain localities as to become nuisances, they are

not nuisances per se. Gilford v. Babies' Hospital (Sup.) 1 N. Y. Supp. 448; 29 Cyc. 1175. The plaintiffs concede that the defendants have a right to erect their buildings on their own land as they may choose, and they do not ask that their erection be restrained. By their allegations, however, they do set forth a large number of things which they apprehend will happen when the asylum shall be established and persons of unsound mind received for treatment. If all should actually happen which the plaintiffs now imagine will happen, possibly they might have good cause for complaint. The defendants' institution, however, may be so constructed and so managed that none of the evils which the plaintiffs apprehend will ever occur. While the establishment of a lunatic asylum in the plaintiffs' neighborhood may not be a desirable thing, still the evils apprehended do not necessarily arise from its maintenance, and are not inherent to it, like those coming from a slaughterhouse, for example. Following the English rule, the Chancellor, in Mohawk Bridge Co. v. Utica & S. R. Co., 6 Paige, 563, said:

"If the thing sought to be prohibited is in itself a nuisance, the court will interfere to stay irreparable mischief, where the complainant's right is not doubtful, without waiting for the result of a trial. But where the thing sought to be restrained is not in itself noxious, but only something which may, according to circumstances, prove to be so, the court will refuse to interfere until the matter has been tried at law by an action."

The rule sanctioned by the authorities and the text-books with respect to the restraining of an apprehended nuisance by temporary or permanent injunction is that an injunction will not be granted unless it is apparent or inevitable that the proposed use of the property will actually result in a nuisance. People v. Canal Board, 55 N. Y. 390; Morgan v. City of Binghamton, 102 N. Y. 500, 7 N. E. 424; Stilwell v. Buffalo Riding Academy (Sup.) 4 N. Y. Supp. 414; High on Injunctions, § 742; Wood on Nuisances, § 797.

The plaintiffs urge that the various things which they have alleged will happen stand admitted by the demurrer. The difficulty with applying this rule is that from the nature of the allegations they are not allegations of existing facts, but only allegations of what will transpire in the future. Where allegations of this character are made, it cannot be that the demurrer admits that the things will actually occur as alleged; but it is left open for the court to say whether or not, from the nature of things, they probably and necessarily will happen. In our view the demurrer does not admit that all the disagreeable and dangerous things set forth in plaintiffs' complaint will actually arise. Nor does it appear to us that they will necessarily arise from the use to which the defendants propose to put their property. It follows, therefore, that the plaintiffs have failed to state a cause of action entitling them to an injunction.

The defendants criticise the complaint, in that it does not allege how close to defendants' premises the plaintiffs' lands are situated, and intimate that the locality is unimproved, with plenty of room for any kind of structure or business. However that may be, in our view the demurrer to the complaint was improperly overruled.

The interlocutory judgment overruling the demurrer should be reversed, and the demurrer sustained, with leave to the plaintiffs to amend upon payment of costs. All concur.