RICHARD H. PECK AND ANOTHER v. CITY OF AUSTIN.

The granting of a license, by a municipal corporation, for the carrying on of a particular trade, within its limits, such as that of selling butchers' meat at a stall in the city market, in consideration of the payment of a stall rent and license tax, is not a contract to *secure* such lessee against competition by unlicensed persons ; notwithstanding the existence of an ordinance prohibiting the same, and affixing a penalty to its violation.

The failure of the proper officers of the corporation to enforce the provisions of such ordinance against unlicensed sellers, is no defence to a bond given by the lessee for the payment of the stall-rent.

Such neglect of duty on the part of its officers, being contrary to the will of the corporation, as expressed in its ordinance, constituted no breach of its contract with the lessee of the market stall.

ERROR from Travis. Tried below before the Hon. Alexander W. Terrell.

An ordinance of the City of Austin, "to establish a market "house for the City of Austin, and to provide regulations for "the government thereof," provided, that no person should establish any slaughter-house within the limits of the city, without the permission of the city council, nor slaughter any butchers' meat, within the same, except for the use of the person so slaughtering, under penalty of fines provided by the section containing this provision. Market house, grounds, and regulations thereof, and for the rent of the stalls to the highest bidder, with license to the renters thereof, to carry on the business of butchering, for one year, in the city market, were provided for by the said ordinance. And further, it was provided, that it should not be lawful for any person, or co-partnership of persons, in the city market, directly or indirectly, in person or by another, to sell, barter, or deliver, or knowingly to permit to be sold or delivered, any butcher's meat, game, &c., without a license first obtained, &c., under penalty of such fine, as therein provided.

It was further provided that, upon complaint being made to the Mayor, that any provision of the said ordinance had been

violated, he should issue his warrant for the arrest of the offender, and try him for the alleged infraction. This ordinance was set forth in defendant's answer, by a copy thereof, attached as an exhibit.

The other facts are stated in the opinion.

*Sneed* and *Walton,* for plaintiff in error.

*Smith* and *Campbell,* for defendant in error. The city excepted to answer of the plaintiff in error, on the ground that it does not set up or allege any matters that constitute a legal defence to the action; and specially, that the city, as a corporate body, is not responsible for the consequences of the nonfeasance, malfeasance, or unauthorized acts of its officers; that the damages complained of by the plaintiff in error, are *too remote to* be a proper subject for re-convention; that the remedy for the plaintiff in error, (if he has any) is against the city officers, in their individual capacity, and not against the city; and that the answer is too general, vague and uncertain.

The court sustained the exceptions to the answer; and this ruling of the court, is the principal error assigned and complained of. We submit, that there was no error in the ruling of the court. The consideration for the *bond,* was the use of the market *stall,* and license to slaughter and sell butchers' meat therein, and throughout the corporate limits of the city, without interference or interruption from the city officers, for the term of twelve months: and the plaintiff in error does not aver, in his answer, that he has been deprived of either of these rights or privileges, by any of the city officers, in the legitimate exercise of their official duties, or otherwise. And even if the plaintiff in error did allege this, unless the city charter made the city responsible for the nonfeasance, malfeasance, and unauthorized acts of its officers; or the city, in its ordinances, assumed such responsibility; it would not be responsible to the plaintiff in error, for such an unauthorized act of its officers. (Prather v. City of Lexington, 13 B. Monr. Rep. 559; Thayer

v. Boston, 19 Pick. Rep. 511 ; Martin v. Mayor of Brooklyn, 1 Hill's Rep. 545.) Hence the defence was bad, and the answer insufficient.

ROBERTS, J. This is an action brought by the City of Austin against Peck and de Normandie, on an obligation given for the rent of a butcher's stall, in the city market, bid off by Peck, and occupied by him for one year.

Defendants pleaded, that the city passed an ordinance, establishing the market, and prescribing the mode of selling butchers' meat in the city, protecting persons who might purchase a license, as did Peck, from competition with unlicensed persons, by inflicting certain penalties upon the latter, and defining the manner in which such penalties should be enforced by the officers of the city. The plea alleged further, that the said officers wilfully neglected their duty, and did not punish certain persons, who violated the provisions of the ordinance, by selling without license, although the same came to the knowledge of said officers ; by which, he was not protected in his privilege ; and that thereby the consideration of the obligation sued on, for one hundred and fifty dollars, had wholly failed. He alleged that he had paid fifty-five dollars, in advance, which was ample compensation for the use of the stall in the market, which he had occupied. This plea being excepted to, was held to be no defence to the action.

This defence is based upon the supposition, that the city, acting in its corporate capacity, in establishing and regulating a market, by its ordinance, had contracted with Peck, to secure him against such unlicensed competition, in every event.

A slight consideration of the subject will show that this cannot be maintained.

The City of Austin is a municipal government, whose powers are defined and limited by the terms of its charter of incorporation. The exertion of its powers, by its constituted authorities, in prescribing rules of police, and imposing and inflicting penalties for their infraction, is but a mode of exerting the

power of the government of the State, within the limits of the city. It is a government within a government. Still they are the same,—the one being the execution of the will of the other, within certain established boundaries of power, and in a certain locality.

This ordinance, then, no more embodies a contract of full indemnity against such unlicensed competition in selling butchers' meat in the city, than the public act of the legislature of the State, establishing and regulating the license for retailing spirituous liquors, would indemnify against retailing without license. In both cases, there is an undertaking to protect the privilege granted, *sub modo*. The same undertaking exists to protect all our rights, which the government assumes to protect by the infliction of penalties on those who violate them. The nonfeasance or malfeasance of the officers, to whom is intrusted the duty of punishing such violators of our rights, cannot be recognized in a court of law, as absolving us from the duties of citizenship.

Such corporation, though a municipal government, and therefore public, may also occupy towards individuals the position of a private corporation, and be liable upon its contracts, or for the wrongful acts of its officers, done under its authority, and in pursuance to its will, expressed or implied. Such rule, if applicable to this case, could not be here enforced; because the act, or non-action, of the officers complained of, was contrary to the will of the corporation, as expressed in the ordinance; which continued in full force during the whole year. (Thayer v. Boston, 19 Pick. Rep. 511; Martin v. Mayor of Brooklyn, 1 Hill's Rep. 545; Angell & Ames on Corp. ch. 9, §§ 2, 7, ch. 8, §§ 3, 1; Baily v. New York, 3 Hill's Rep. 531.)

We are of opinion that the plea was no bar to the action.

Judgment affirmed.