W. G. FORSYTH, plaintiff in error, *vs.* THE MAYOR AND COUNCIL OF ATLANTA, defendant in error.

(BY TWO JUDGES.)—A declaration by one against an incorporated city, alleging that said city had, by an ordinance, prohibited the erection of wooden buildings in certain parts of said city, and that the City Council had afterwards authorized B to build a wooden building within said limits, and that B's building, taking fire, had caused a building belonging to the plaintiff to be burned, is demurrable. 12th March, 1872.

Municipal Corporations. Negligence. Tried before Judge HOPKINS. Fulton Superior Court. April Term, 1871.

Forsyth averred that he owned certain wooden buildings, in the fire limits of Atlanta, a corporate city, and that its Mayor and Council were bound to protect them against fire ; that they had, at the time, an ordinance forbidding the building of any but fire-proof buildings within said specified limits, and forbidding blacksmith's shops to be built within certain distances from other houses. And yet, while said ordinance was of force, they permitted one Finney, by his special request, to build a wooden shop, and keep a blacksmith's shop in said fire limits, and within a shorter distance from Forsyth's buildings than was allowable by said ordinance ; that Finney's said buildings took fire, and were destroyed, and communicated fire to *his* buildings and contents, whereby *they* were destroyed. He prayed that defendant be compelled to pay his loss. Upon demurrer, the Court dismissed the cause. That is assigned as error.

J. T. GLENN, for plaintiff in error.

W. T. NEWMAN, City Attorney, for defendant. Defendant is public corporation : R. Code, section 1672. It is not liable for a tort: 2 Tenn. R., 671 ; 2 Hill (S. C.) R., 571. It could exercise its discretion as to fire limits : 1 Denio, N. Y. R., 595 ; 19 Ga. R., 490 ; 20th, 635 ; 5 Am. Law Reg., 53 ; Abbott's Dig. L. of Corp., 487 ; 1 Hill's R. (N. Y.), 562.

McCAY, Judge.

Were this a case when, after an ordinance of a city was adopted and published, one had built in accordance therewith and, on the faith that no wooden buildings would be permitted to be put up within the fire limits, and after thus acting and thus building, the city should permit a wooden

building to be erected, by the building of which, plaintiff's house was burned, the argument made in the hearing might have some force. But, as the case is put in the declaration, the plaintiff's own house was a wooden one, and must have been built either before the ordinance was passed, or in violation of it, or by the same permission as is complained of. In either case the plaintiff has come to no harm from the city. He did not build on the faith of the ordinance. If a dangerous structure was put up near his he had his remedy against the builder of it, by injunction. The permission of the city did not and could not justify any private person to erect a nuisance, its permission is a mere waiver of its rights. Persons damaged had their remedy, either preventive by injunction or remedial by abatement.

Judgment affirmed.