J. T. EVANS and wife *v.* THE WILMINGTON AND WELDON RAILROAD COMPANY.

*Injunctions—Finding of fact by the Supreme Court—Nuisance.*

1. In applications to continue injunctions to the hearing, the Supreme Court will review the facts and pass upon their sufficiency to warrant the judgment appealed from.

2. Where it appeared by the affidavit of two physicians that a sewer used by the defendant was dangerous to the health of the plaintiffs; *It was held*, no error to continue the injunction against its use to the hearing.

3. In such case, it is immaterial that the sewer is also used by others.

MOTION to continue an injunction to the hearing, in an action pending in HALIFAX Superior Court, heard before *Gudger, Judge*, at Chambers, in Jackson, on October 7th, 1886.

The defendant company, in December, 1884, became the owners of a certain lot in the town of Weldon, on which, for years previous, there had been erected a hotel, used and maintained for that purpose, and so kept up by the defendant.

The plaintiff Augusta owns a lot containing three buildings, her dwelling, a butcher shop and a confectionery store, and also a lot known as "Delmonico's," formerly used as a billiard and bar-room, latterly occupied by tenants.

A drain or culvert has been constructed, which receives the filth from the hotel and conveys it under ground some distance, and empties in a ditch on plaintiffs' land, thereby producing, as they allege, offensive and noxious vapors and smells, causing great discomfort to themselves and other occupants, and endangering the health of themselves and families. The suit is to restrain the defendant from maintaining the nuisance, and to recover damages for injury already suffered.

The defendant, in its answer, enters into an explanation of the origin and use of the drain by former proprietors of the hotel, as the natural outlet for the water—of its construction in 1885 of an earth-covered sewer extending to the plaintiffs' lot; of the use of this drain by other intermediate proprietors, and by the plaintiffs themselves as a receptacle for the sewerage from their several lots; and denies the charge that any detriment to their health and comfort has come or will come from the use of the drain by defendant,

requiring any restraint in the use of its property to be put on defendant and not capable of reparation in damages.

The pleadings being in and on oath, the plaintiffs, after notice, applied for a temporary injunction, which, after several postponements by consent, was heard upon numerous affidavits besides the complaint and answer filed by the parties, before *Gudger, Judge,* at Chambers, in Jackson, on October 7th, 1886, when the following judgment was rendered :

"It is adjudged and ordered, that upon the plaintiffs giving the undertaking required in §341 of *The Code,* in the sum of five hundred dollars, the defendant be enjoined and restrained from causing and permitting water and filth to flow and empty on the lands |of the plaintiffs described in the complaint, or into the drain or ditch passing through said lands from the hotel owned by said company, situate in Weldon, and which is described in the complaint, and from the privies, kitchen and wash-room of said hotel, till the hearing of this cause."

From this order the defendant appealed to the Supreme Court.

*Mr. T. N. Hill, (Mr. A. J. Burton* also filed a brief), for the plaintiffs.

*Messrs. W. H. Day* and *R. O. Burton,* for the defendant.

SMITH, C. J., (after stating the facts). While this is a case in which we are required to examine the proofs and pass upon their sufficiency to warrant the interlocutory order of restraint, we do not, after weighing and considering it, deem it necessary to do more than state the convictions produced.

While much of the testimony is variant as to the existing condition of things, and being *ex parte,* renders it difficult to arrive at any satisfactory conclusion as to the facts, it will be noticed that the most material element in the controversy, the effect of the exhalations arising from the offensive admix-

ture which flows by the plaintiffs' lot, upon its sanitary condition, is testified to by two experts—physicians—whose affidavits are expressed in similar terms, and their testimony is produced by the plaintiffs. It is as follows:

"Charles J Gee, being duly sworn, says: That he is a practicing physician, and is well acquainted with the property of Augusta J. Evans, situated in the town of Weldon, described in the complaint in the cause of Joseph T. Evans and wife Augusta J. Evans against the Wilmington & Weldon Railroad Company, and it is his opinion that the filth, slops and water thrown and emptied, and permitted to flow on the property of the plaintiffs, described in the complaint, by the Wilmington & Weldon Railroad Company, are dangerous to the health of the plaintiffs, and make it uncomfortable and unpleasant to them, the odor arising from the same being offensive and dangerous."

A second affidavit by the same party is as follows:

"Charles J. Gee, being duly sworn, says: That he is a practicing physician residing in the town of Weldon, and is well acquainted with the property of the plaintiffs described in their complaint in the above cause, and that while the health of Weldon for the past three years, away from the ditch through which the slops, filth and water flow from the privies and kitchen of the hotel owned by the defendant, has been good, the health of the locality traversed by said ditch has been more subject to fevers than that portion of said town not so traversed."

Two affidavits of the same import from Dr. A. B. Pierce are filed, and both are residents practicing in the town, while none in opposition are filed by the defendant. With this evidence of impending danger, the fact of which seems to be justified by the experience of the past, we do not see what course could have been pursued, other than to interpose and avert the consequences likely to follow the continuous use of the drain for these impurities cast upon the

plaintiff's lot, at least until the nuisance shall be found to be such upon a final trial.

The fact that others contribute to the mischief, cannot excuse the defendant, while the plaintiffs may have protection also against them. *Sic utere tuo, ut alienum, non lædas*, is the maxim to be enforced in the case.

There is no error, and this opinion will be certified to the Court below.

No error.                                    Affirmed.