CASE 28—PETITION ORDINARY—FEBRUARY 17.

# James' Adm'r v. Trustees of Harrodsburg.

### APPEAL FROM MERCER CIRCUIT COURT.

THE FAILURE OF A MUNICIPAL CORPORATION TO PROVIDE THE MEANS OF ABATING A NUISANCE altogether on private property, or the omission of its officers to abate it when the means are furnished, gives no right of action against the corporation to those who are injured by this neglect of duty.

One who, in passing along the streets of a town, was injured by falling stones, the result of blasting by a citizen on his private property, has no cause of action against the town for its failure to abate the nuisance.

THOMAS C. BELL AND PHIL. B. THOMPSON FOR APPELLANT.

1. A town is liable for damage resulting from a public nuisance, although on private property, if that nuisance is adjacent to the public highway, and the town has power to suppress it and has notice thereof.

James' Adm'r v. Trustees of Harrodsburg.

(Wood on Law of Nuisances, secs. 739 and 744; Parker v. Macon, 39 Ga., 725; Kelsey v. Glover, 15 Vt., 714; Palmer v. City of Andover, 2 Cush., 607; Coggshill v. Lexington, 4 Cush., 307; Snow v. Adams, 1 Cush., 443.)

2. The blasting of rock in the vicinity of a highway by the use of gun-powder or other explosives is a nuisance. (Wood on Law of Nuisances, sec. 142; Chicago v. Robbins, 2 Black, 426.)

3. The appellees have the power, and it is their duty, to suppress nuisances in the town of Harrodsburg. (Session Acts 1881–2, vol. 2, p. 78.)

4. The case of Greenwood v. Louisville, 13 Bush, 229, has no application to the case at bar.

O. S. POSTEN & R. P. JACOBS FOR APPELLEES.

1. A failure by a municipal corporation to exercise its charter power to abate nuisances does not give a person who is injured by the failure a private action against the corporation. (Dillon's Municipal Corporations, secs. 950, 951, 952; Cooley on Torts, p. 620; Thompson on Negligence, vol. 2, note 1, p. 731; Greenwood v. Louisville, 13 Bush, 229; Buchmeyer v. City of Evansville, 29 Ind., 190; Prather v. City of Lexington, 13 B. M., 563; Ward v. Louisville, 17 B. M., 192.)

2. It is a question of doubt whether appellees' officers would have had the right to summarily suppress what they might consider a nuisance without some judicial process to determine that a nuisance existed. (Dillon's Municipal Corporations, sec. 374; Varden v. Mount, 78 Ky., 86.)

3. The town is not liable because its negligence or failure of duty, if any, was not the natural and proximate cause of the injury sustained by appellant's intestate. (Bosworth v. Brand, 1 Dana, 377; Patch v. Covington, 17 B. M., 728.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant's intestate was seriously injured by a stone thrown by a blast of powder that was made on the lot of one of the residents of the town, preparatory to the erection of a building upon it by the owner.

An action was instituted by the person injured against the town of Harrodsburg, in which it is alleged that the excavation was made on the lot by the consent of the city, and the blasting of stone permitted for several days, the stones falling in the

streets of the city, so as to endanger the lives of its citizens and those passing; and finally, one of the stones striking the plaintiff on the foot, crushing it, rendering him a cripple for life. It is alleged that the blasting, as it was conducted, was a nuisance, and so known to the officers of the city government, and they neglected to abate it, or take any steps for the protection of those passing against the danger. The plaintiff died and the action is here in the name of his personal representative, who has appealed from a judgment sustaining a demurrer to the petition and dismissing the action.

It is not alleged that the nuisance was committed under or by the direction of the trustees of the town, or that the town had any interest in the lot or the excavation that was being made upon it. The lot formed no part of the public streets or alleys of the town —was not used as a park or pleasure ground by the town, and the town was in no manner connected with the wrong, except in consenting to the erection of the building. It is not alleged that the building or excavation was a nuisance, or endangered the lives of the people, but it is averred only that the mode of blasting the rock, conducted by the owner, or those in his employ, was dangerous to the passers by, and resulted in the injury complained of. The legislative power of the town may have authorized the abatement of nuisances, and the imposition of penalties by the authorities on those who create a nuisance on their own lots, and yet we are aware of no rule that would make the town liable in a civil action for a failure to pass ordinances for the

suppression of such nuisances, or to enforce these laws through the proper officers when enacted. The public streets of the town, under the immediate control of the trustees or the municipal authorities, must be kept unobstructed, and when an injury results to the citizen by reason of a neglect of duty in this regard by the proper authorities, a civil action may be maintained; and so of other property within the corporate limits and belonging to the corporation. Here an action is attempted to be maintained by a private citizen against the town, because of the negligent conduct of the owner on his own lot, in making an excavation by the use of powder, that had become dangerous to the adjoining property, or to persons passing on the street adjacent.

The city might have notified the owner to cease blasting, but the failure of the owner to comply with the request would not make the city liable for failing to take such action as was necessary to abate the nuisance. The town may have had no ordinance on the subject, and the remedy, if adopted, not adequate to suppress the wrong; and still, for the failure of either legislative or judicial department of the town to perform its duty in this regard, no action would lie. The owner would be liable to an indictment at the instance of the public, and also to an action by the party receiving a private injury by reason of the wrong, but as to the town no liability would exist. The power of a town or city to suppress or abate a nuisance, like all other powers, is derived solely from the Legislature; and that a town is responsible for not abating a nuisance, both

to the public and to the private citizen who has received a special injury, may, as a general rule, be conceded; but in all such cases the injury complained of must arise, either from the neglect of the town in the attempt to discharge a public duty for the benefit of the public, such as improving its streets, digging its public wells, or erecting other public works, or in omitting to keep such improvements in a condition that protects the public or the private citizen from danger. In all such cases the town, if a nuisance is caused by the neglect of its officials, or by others on its public grounds, is answerable in damages, either to the State or the citizen, or both, when a special injury accrues to the latter.

The erection of improvements within a city being necessary, the work must be done in an ordinarily skillful manner, and if not, and an injury results to the citizens, the town will be responsible. But for neglecting, through its officers, to discharge certain official acts, that is, to abate a nuisance on private property caused by the act of the owner alone, no responsibility exists for a special injury.

In the case of Davis v. The City Council of Montgomery, reported in 51 Alabama, 139, the house of the plaintiff was burned down by sparks from a steam engine used by the proprietors of an adjoining lot. Although the engine might have been abated as a nuisance under the city charter, and the authorities had been notified of the danger, it was held that no recovery could be had.

The doctrine contended for in this case is, that the

town is bound to abate all nuisances within its limits, or be responsible in damages to those who may be injured thereby. This rule can not apply to a municipal corporation. The power to abate a nuisance may be expressly given; but the failure to provide the means of removing the nuisance, or the omission of its officers to remove it when the means are provided, gives no cause of action to those who are injured by this neglect of duty. The party creating the nuisance is liable in a civil action, and may be indicted for the offense. The charter of a town or city usually gives it the power to open streets, alleys, &c., and to take control of, and the custody of these streets, as well as the public buildings and public grounds; and, therefore, it becomes the duty of the authorities to remove nuisances, and to prevent all obstructions in its public thoroughfares calculated to endanger the lives of those who are upon them.

In the case of Parker v. The Mayor and Council of Macon, reported in 39th Georgia, 729, a dwelling had been destroyed by fire leaving the walls of the building on the edge of the sidewalk. The wall was in such a condition as made it liable to fall at any moment and injure those passing on the street. It did fall and injured the plaintiff, who sued and recovered damages.

The result in that case was made to depend on the duty of the city to keep its sidewalks and streets in a condition of repair that would render them safe for those passing.

It was argued in that case that the wall was pri-

vate property; but the court held that it was the duty of the city to remove any thing hanging over the sidewalk which would probably work an injury to those passing. That case was likened to the case of a pit dug at the edge of the street with no protection to prevent those passing from falling or stepping over. Both were regarded as obstructions to the public way, and the city having the control of the streets, like an individual, could not create the nuisance, and should not, by reason of its charter contract, neglect the important duty of keeping such a way safe for those passing over it. Here the stones constituted no obstruction to the street, although the lives of those passing were endangered. The city had neither the custody nor control of the private property, and is no more liable for the special injury than if sky-rockets, shot from the yard of the owner, had caused the town to burn up, or had injured those upon the streets; or, as in the case from Alabama, where the sparks from the engine had destroyed the house of a neighbor. There is a manifest distinction between the case before us and that of Parker v. The Mayor and Council of Macon. In the last named case the duty was imposed upon the party in possession, with the absolute control of the streets for the public use, of keeping them in repair; and it was as much its duty to remove the walls as it was to have taken the debris from the street after the fall. Its charter obligation bound it to discharge this duty. In the case before us, the town was empowered to legislate in regard to all nuisances, and the omission to provide a remedy against the owner

of private property permitting the nuisance, or to execute an ordinance passed to prohibit such a nuisance, and to abate it, is made the foundation of the action. The failure to take legislative action, or to enforce the law when enacted by entering upon the private estate of the citizen and staying the manner of the execution of the owner's work upon it, gives no cause of action against the city. The failure to exercise that governmental power, whether legislative or judicial, is not within the class of cases, or the rule by which the liability of the town is to be determined. The judgment below is therefore affirmed.