J. R. DOWNS v. CITY OF HIGH POINT.

*Trial—Issues—Instruction to Jury.*

1. It is not error to refuse to submit an issue when the party asking it has an opportunity to present, under another issue submitted, such views of the law arising out of the evidence as are pertinent in support of his contention.

2. When, in the trial of an action, an instruction to the jury was in effect the same as was asked for, but not in the same words, and was in strict accord with the principle of law for which the appellant contended, it was not error to refuse to charge in the words requested.

CIVIL ACTION, tried before *Brown, J.,* at August Term, 1893, of GUILFORD Superior Court.

The plaintiff sought damages for injuries to his property and the health of his family resulting from a filthy drain or sewer kept and maintained by the defendant corporation in a street and on property adjoining the lot of plaintiff. The defendant, among other defences, contended that the ditch, drain or sewer was a natural one, which was in existence at the time the plaintiff bought the property on which he lived adjoining the ditch; that the drain was necessary to be kept and maintained according to the best judgment of the town authorities, and that plaintiff, before his purchase of the property and his removal thereto, knew that he would be exposed to an injury (if any was really sustained) and assented thereto.

The issues submitted, and the answer thereto, were as follows:

"1. Did the defendant negligently fail to keep the ditch referred to in the complaint and section 4 of the answer in a proper condition, as alleged in the complaint? Answer—Yes.

"2. If so, what damage has the plaintiff sustained thereby, if any, up to date of his demand, July 14, 1892? Answer—Two hundred dollars."

Downs *v.* City of High Point.

Defendant, in apt time, tendered one issue and requested the Court to submit it, together with those framed by the Court, which issue was as follows:

"Was the sickness of the plaintiff and that of his family complained of the result of the ditch alone?"

At the close of the evidence, defendant presented requests for numerous instructions, but as error is assigned in respect to first and second only, those only are considered. Defendant requested the Court to charge—

"1. The injury must be clear, direct and positive. It must be the legitimate and natural result of the nuisance charged, and, in no essential degree, the result of other artificial causes. If the injury is in part the result of the vapors or odors from the ditch, and part the result of other causes on the pig and slaughter-pens, then action must fail."

The Court gave the instruction in the very language, but added: "Unless it be clearly established that the injury would not have resulted except from the vapors or odors arising from the alleged nuisance from the ditch, and that it is directly traceable to the ditch or alleged nuisance."

This said addition defendant objected to.

"2. That as the evidence fails to show that the sickness and death of which plaintiff complains was the result of the condition of the ditch, he is not entitled to recover."

This prayer was refused. Exception by defendant. The Court recited the evidence fully relating to both issues. It is unnecessary to set out the charge upon the first issue, as there is no exception thereto.

Upon the second issue the Court charged, among other matters, as to what is special damage: "It is difficult sometimes to determine when a person can recover damages from the authorities of a town or city for permitting a nuisance."

"The evidence in this case shows that if there be a nuisance occasioned by this city ditch at all, it is a public nuisance, one that may affect the community in common;

that the plaintiff in this case is not entitled to recover anything whatever under the second issue, unless he can show special damage to himself, traceable to the alleged nuisance, apart from the injury sustained by the general public and of a different character, so that plaintiff's damage cannot fairly be said to be a part of the common injury. ·

"An injury differing in degree only, but not in kind, is not a special injury.

" The plaintiff alleges that his special damage consists in the fact that proximity to alleged nuisances caused illness of a serious nature to himself and family, much expense on account of such illness, and that the other parts of his neighborhood were not so affected. If this be true, it is special damage within the meaning of the law." Wood, p. 659, § 624; *Morlay* v. *Praynall,* also, p. 674, §§ 644–647.

The Court recited evidence on both sides as to damages, and told the jury if plaintiff sustained actual special damage he was entitled to compensation, not to punitive damage. That if the jury answer the first issue No, they need not consider the second issue. That if they answer the first issue Yes, they must answer the second issue by allowing plaintiff such special damage as he has sustained up to date of his demand, which said damage must be special to plaintiff, and also must be directly the result of the defendant's negligence in permitting the existence of such nuisance, if defendant did permit it. Otherwise, the plaintiff would not be entitled to damage. The Court also instructed the jury that the city authorities must have had knowledge of the condition of the ditch, or by reasonable and due diligence could have had knowledge of it, and by city authorities is meant not the aldermen or commissioners alone, but those deputed by them to control and supervise the streets and drains.

There was a verdict for plaintiff on both issues, and, from the judgment thereon, defendant appealed..

*Mr. James E. Boyd*, for plaintiff.

*Mr. L. M. Scott* and *Dillard & King*, for defendant (appellant).

AVERY, J.: The first issue submitted involved the question whether the defendant negligently failed to keep the ditch in good condition, or, in other words, carelessly suffered a public nuisance to be created by want of care in attending to it. The additional issue passed upon was as follows: "If so, what damage has the plaintiff sustained *thereby*, if any, up to the date of his demand July 14, 1892?" The affirmative finding, that the nuisance was caused by the defendant's want of care, and the assessment of the damage sustained by the plaintiff "*thereby*," was necessarily an ascertainment of the damage due for the private nuisance suffered peculiarly by the plaintiff. In order to enable the jury to comprehend that such was the end in view in passing upon the inquiries, the Judge told them the damage must be assessed, if at all, for an injury differing in kind, not simply in degree, from that suffered by the public generally. The defendant tendered the issue, "Was the sickness of the plaintiff and that of his family complained of, the result of the condition of the ditch alone?" Precisely the same inquiry was answered when the jury found the amount of damage resulting peculiarly to plaintiff and his family from neglect to keep the ditch in good condition ("thereby"). That issue was not a simple inquiry as to damage, but was so framed that no damage could be assessed in response to it except such as arose from some injury peculiar to the plaintiff. There was no danger, therefore, that the defendant would be mulcted for any injury done by the filth emanating from the hog-pen mentioned by the witness. In fact, the best evidence that the Court did not abuse its discretionary power in framing issues, is found in the fact that the very legal question suggested by the issue tendered

was raised by the prayer for instruction offered. If the defendant's counsel had the opportunity to present such views of the law, arising out of the evidence, as were pertinent in support of their contention, they have not been deprived of any legal right. *McAdoo* v. *R. R.*, 105 N. C., 140; *Emry* v. *R. R.*, 102 N. C., 209.

This case differs from that of *Denmark* v. *R. R.*, 107 N. C., 185, in that here the inquiry involves the question of proximate cause as well as damage, while in Denmark's case the jury were not required to pass upon or find anything but the amount of damage without ascertaining on what account. The addition to the instruction asked was in strict accord with the very principle for which the defendant contended. The jury were told in effect that unless it was clearly established that the injury would not have resulted from any other cause than the odors arising from the nuisance of the ditch, and that if the injury was directly traceable to the nuisance, they would assess no damage at all. We think that there was no error in refusing to instruct the jury upon the evidence that plaintiff could not recover. The instruction given was warranted by the evidence, and embodied the principle laid down by leading text-writers. Wood on Nuisances, sections 561–574.

There was no error in the ruling of the Judge refusing to submit the issue, nor in the charge given as a substitute for that asked. The judgment is affirmed.

Affirmed.