HULL v. ROXBORO.

(Filed October 30, 1906).

*Municipal Corporations—Liability—Nuisances—Failure to Enforce Ordinances—Remedy of Injured Citizen.*

1. A municipal corporation is exempt from liability for any injury resulting from a failure to exercise its governmental powers, or for their improper or negligent exercise, but it is amenable to an action for injury caused by its neglect to perform its ministerial functions or by an improper or unskilful performance of them.

2. A municipal corporation is not civilly liable for the failure to pass ordinances to preserve the public health or otherwise promote the public good, nor for any omission to enforce ordinances enacted under the legislative powers granted in its charter, or to see that they are properly observed by its citizens, or those who may be resident within the corporate limits.

3. If a citizen is injured by the erection and maintenance of a nuisance on private premises in violation of an ordinance, he has, in addition to the right of criminal prosecution, a remedy either preventive by injunction or remedial by abatement.

HULL *v.* ROXBORO.

ACTION by Luther Hull against Town of Roxboro, its Mayor and Commissioners, heard by *Judge Fred. Moore* at the August Term, 1906, of the Superior Court of PERSON.

Plaintiff alleges that defendant is required by its charter to enact and enforce ordinances which may be necessary to preserve the public health and to prevent the existence of nuisances, and that in compliance with this requirement it did pass ordinances for the suppression of nuisances and the protection of public health, which prescribed fines and penalties for their violation, and, among others, an ordinance providing how pig-sties or hog-pens and privies should be erected and kept clean so as to prevent offensive odors therefrom, which would cause contamination of the air and produce disease, thereby making them a nuisance; that one of the plaintiff's neighbors, living on an adjoining lot, kept his hog-pen and privies in a filthy condition contrary to the provisions of the said ordinances, and that they were so situated with reference to the plaintiff's dwelling, being on a higher level, that the drainage from them was carried upon the plaintiff's premises, and that by reason thereof the health of the plaintiff's wife and of his infant child was seriously impaired, and that he was consequently put to great trouble and expense in their cure; that he requested the Mayor and two of the Commissioners of the town to notify the Board of Commissioners of the existing condition of his neighbor's lot, and warned them that it was a menace to the health of his family, but that the defendants failed to enforce the said ordinances and abate the nuisance, though the health officer of the town reported the condition of his neighbor's premises to the board, and they were therefore advised of the situation. The plaintiff then alleges the special damage he has suffered as the result of the alleged wrongful acts and omissions of the defendants, and prays judgment for $1,500 and costs. The defendants first answered, denying the material allegations of the complaint, but at the trial they demurred *ore tenus* thereto, upon

the ground that no cause of action was stated therein. The Court sustained the demurrer and dismissed the action. Plaintiff excepted and appealed.

*Manning & Foushee* and *W. T. Bradsher* for the plaintiff. *William D. Merritt* for the defendant.

WALKER, J., after stating the case: The plaintiff seeks in this action to recover damages upon the ground that the defendant has failed to enforce certain ordinances it had enacted for the suppression of nuisances, and he alleges that by reason of this omission of duty he has suffered an injury in the way he describes. The particular grievance of which he complains seems to be that, as the defendant had the power under its charter to pass ordinances for the protection of the public health, and did pass such ordinances, which were adequate for that purpose, it was bound, through its officers, to insure an absolute observance of them by the inhabitants of the town, and that a liability arises to any one who is specially damaged whenever such officers fail, even in a passive way, to secure their observance, and that this asserted principle entitles him to compensation for the injury resulting from their inaction. He bases his whole claim upon the theory thus advanced.

There is nothing better settled in the law than that the powers and the correlative duties of a municipal corporation are of a twofold character—the one public, that is, governmental and legislative or discretionary, and the other private, that is, absolute and ministerial. In the former case it acts as an agency of the State for the purpose of governing that portion of its people residing within the municipality, but in its corporate and private capacity it acts for itself and for its own benefit and advantage, though the public may derive a common benefit from the due and proper exercise of its powers and the performance of its duties which are ministerial. It is exempt from liability for any injury resulting

from a failure to exercise its governmental powers or for their improper or negligent exercise, but it is amenable to an action for any injury caused by its neglect to perform its ministerial functions or by an improper or unskilful performance of them. Where it is acting in its governing capacity, it is not responsible, because it is then presumed to be in the exercise of a part of the power of the State, and therefore under the same immunity. We believe the distinction between the two classes of powers and duties, as we have stated it, is clearly recognized by the authorities, which appear to be quite uniform. Joyce on Nuisances, sec. 354; 2 Dillon Mun. Corp. (4 Ed.), sec. 949; *McIlhenny v. Wilmington,* 127 N. C., 146; *Jones v. Williamsburg,* 97 Va., 722.

The courts in enforcing the principle thus established have held almost with unanimity that a municipal corporation is not civilly liable for the failure to pass ordinances, even though they would, if passed, preserve the public health or otherwise promote the public good. A leading case upon this subject is *Hill v. Charlotte,* 72 N. C., 55, which has been cited with approval in many other courts. It is equally well settled that if the corporation has enacted ordinances under the legislative power granted in its charter, it is not civilly liable for any omission to enforce them or to see that they are properly observed by its citizens or those who may be resident within the corporate limits. 2 Dillon, *supra,* sec. 950; *Hines v. Charlotte,* 72 Mich., 278; *Wheeler v. Plymouth,* 116 Ind., 158; *Harman v. St. Louis,* 137 Mo., 494; *Forsyth v. Atlanta,* 45 Ga., 152; *Robinson v. Greenville,* 42 Ohio St., 625; *Fifield v. Phœnix,* 36 Pa. Rep., 916; *New Orleans v. Abbagnato,* 62 Fed. Rep., 240; *Rivers v. Augusta;* 65 Ga., 376; *Brinkmeyer v. Evansville,* 29 Ind., 187; *Moran v. Car Co.,* 134 Mo., 641; *Griffin v. N. Y.,* 9 N. Y. (5 Selden), 456; *Lorillard v. Monroe,* 1 Kernan (11 N. Y.), 392.

A few striking passages selected from those cases and lawwriters which are among the best authorities will serve to

show the steady trend of judicial thought upon this important question, the leading idea being that for a failure in governmental action municipal corporations are responsible only to their corporators or to the power which brought them into being. "A municipal corporation is, for the purposes of its creation, a government possessing to a limited extent sovereign powers which in their nature are either legislative or judicial, and may be denominated governmental or public. The extent to which it may be proper to exercise such powers, as well as the mode of their exercise by the corporation, within the limits prescribed by the law creating them, are of necessity entrusted to the judgment, discretion and will of the properly constituted authorities to whom they are delegated. And being public and sovereign in their nature, the corporation is not liable to be sued either for a failure to exercise them or for errors committed in their exercise." *Kistner v. Indianapolis,* 100 Ind., 210. "The defendant in this case is a municipal government whose powers are defined and limited by the terms of its charter of incorporation. The exertion of its powers, by its constituted authorities in prescribing rules of police and imposing and inflicting penalties for their infraction is but a mode of exerting the power of the government of the State within the limits of the city. It is a government within a government. Still, they are the same —the one being the execution of the will of the other within certain established boundaries of power and in a certain locality." *Peck v. Austin,* 22 Texas, 261. "The town was empowered to legislate in regard to all nuisances, and the omission to provide a remedy against the owner of private property permitting the nuisance or to execute an ordinance passed to prohibit such a nuisance, and to abate it, is made the foundation of the action. The failure to take legislative action or to enforce the law when enacted by entering upon the private estate of the citizen and staying the manner of the execution of the owner's work upon it, gives no cause

of action against the city. The failure to exercise that governmental power, whether legislative or judicial, is not within the class of cases or the rule by which the liability of the town is to be determined." *James v. Harodsburg,* 85 Ky., 191. "The corporation is undoubtedly vested with certain legislative powers, among which is the authority to restrain swine from running at large in the streets, and they have exercised it by enacting an ordinance to that effect. The idea, that because they may prohibit a nuisance, that therefore they must not only pass a prohibitory law, but must also enforce it at the hazard of being subjected to all damages which may ensue from such nuisance, is certainly novel. The corporation of the city in this respect stands upon the same footing within its own jurisdiction as the State Government does in respect to the State at large." 1 Sandf. (N. Y.), 465. "Such an obligation as to the enforcement of laws has never been assumed by our governments, National, State, or municipal. The ordinance in question does not partake of the nature of a contract, but it is a part of the laws passed for the good government of the inhabitants of the city. The city is no more liable for its non-execution than would be the county, if the ordinance were a State statute, and its enforcement left to the county officers and inhabitants. Hence, it has often been held that a municipal corporation is not liable in damages for a failure to abate a nuisance existing upon private property, and not created by its agents, though it has the power so to do." *Kiley v. City of Kansas,* 87 Mo., 103. "The idea, that because the city of St. Louis has the right by virtue of its authority to make by-laws and pass ordinances relating to the public safety of its inhabitants, and has exercised that right by passing an ordinance prohibiting structures of a certain character to be built within certain districts therein defined, that therefore it must enforce the observance of said ordinances at the hazard of being subject to all damages which may ensue from its violation, is

certainly as novel as it is startling." *Harman v. St. Louis,*
137 Mo., 494. "When a public nuisance is created by a
private citizen in carrying on his business or trade within a
city or other municipality, unless the municipality by ex-
press license authorizes such business to be carried on at the
place and in the manner the same is conducted by such private
citizen, the municipality cannot be held responsible for any
damage which may result to another citizen from the exist-
ence or maintenance of such nuisance." *Hubbell v. Viroqua,*
67 Wis., 343.

The great publicist, Judge Cooley, had this to say about
the general principle: "As no State does or can undertake to
protect its people against incidental injuries resulting from
its adopting or failing to adopt any proposed legislative
action, so no similar injury resulting from municipal legisla-
tive action or non-action can be made the basis of a legal
claim against a municipal corporation. If, therefore, a city
temporarily suspends useful legislation; or in any other man-
ner, through the exercise or failure to exercise its political
authority, causes incidental injury to individuals, an action
will not lie for such injury. The reason is obvious. The
maintenance of such an action would transfer to court and
jury the discretion which the law vests in the municipality,
but transfer them not to be exercised directly and finally, but
indirectly and partially by the retroactive effect of punitive
verdicts upon special complaints." Cooley Const. Lim. (7
Ed.), 300. To the same effect is the law stated in 1 Smith
Mod. Law Mun. Corp., secs. 269, 270 and 271, where the
liability and non-liability of municipal corporations, in the
exercise of their dual powers, are fully and ably discussed by
the author with fine discrimination and the citation of all the
controlling authorities.

The result is that, in its dual capacities, a municipal cor-
poration is liable or not for injuries resulting from its action
or inaction according as, in the particular case, it is repre-

senting the State and exercising its functions of government in the locality assigned to it, which are necessarily legislative and therefore discretionary in their character, or is representing its own interests and exercising powers conferred for its own benefit, which are therefore ministerial.

The cases decided by this Court which have a more or less direct bearing upon the question are *Moffitt v. Asheville,* 103 N. C., 237 (in which *Avery, J.,* clearly states the law in respect to municipal powers and the responsibility for their exercise); *Hill v. Charlotte, supra; Lewis v. Raleigh,* 77 N. C., 229; *Coley v. Statesville,* 121 N. C., 301; *Prichard v. Commissioners,* 126 N. C., 908; *McIlhenny v. Wilmington, supra; Levin v. Burlington,* 129 N. C., 184. The cases of *Bunch v. Edenton,* 90 N. C., 431; *Downs v. High Point,* 115 N. C., 182; *Threadgill v. Commissioners,* 99 N. C., 352, and *Williams v. Greenville,* 130 N. C., 93, furnish examples of the liability of such corporations for the failure to exercise or for the improper exercise of ministerial duties imposed by law, either expressly or by clear implication, and they distinctly negative the existence of any such liability as that claimed to have arisen in this case. When such corporations are about the government's business, they are not liable; but when about their own, they must be careful, for they will be held accountable for nonfeasance or misfeasance in respect thereto in the same manner and to the same extent as a private individual, as they then act in their private capacity. The general rule in reference to the particular question herein involved, therefore, is that where injuries are incidentally committed by the officers or agents of a public corporation, in the exercise of those discretionary or legislative powers which are delegated to them by the Legislature, or when, by reason of any failure to exercise them, the same result follows, the municipality is wholly free from liability. 1 Beach Pub. Corp., secs. 258, 773, 752.

Let us now briefly consider the facts of this case in the light of the foregoing principles. Assuming that the nuisance

described in the complaint is public in its nature, and produced special injury to the plaintiff, or is a private one, it was erected and maintained on private premises, without any license from or consent of the municipality. The city was not bound to enforce the ordinances for the protection of the plaintiff, under the penalty of being responsible to him in damages if they were not obeyed to his injury. Indeed, the ordinances merely inflicted punishment for their infraction, by way of fines or penalties imposed for such violations of them, and did not in terms require the nuisance to be abated. The plaintiff could have prosecuted his neighbor for any breach of the city laws, as well as the city or its officers could have done so. The courts were open to him in all their branches, and his injury, in the eye of the law, has resulted not from the defendant's supineness, but from his own. If he was injured by an unneighborly and unlawful act, alleged by him to have been committed, he also had, in addition to the right of criminal prosecution, a remedy either preventive by injunction or remedial by abatement. Eaton's Eq., sec. 289, p. 587, et seq.; Evans v. Railroad, 96 N. C., 45; Forsyth v. Atlanta, 45 Ga., 152. The law aids the vigilant, not those who sleep upon their rights. The plaintiff had equal opportunity with the defendant to take the initiative and suppress the nuisance. Shall he be permitted to allege its default in failing to do what he himself might just as well have done, but did not do, especially when the defendant, as it appears, was under no legal obligation to act, and therefore not liable for omitting to do so? We must not be understood to mean that if the plaintiff's neighbor is liable, that fact acquits the defendant, if it is otherwise liable, but that the injury to the plaintiff would seem to be the result of his own inaction.

The Court below ruled correctly upon the point presented, and we affirm the judgment dismissing the action.

No Error.