## W. C. WILCOX v. DURHAM AND CHARLOTTE RAILROAD COMPANY.

(Filed 6 April, 1910.)

**1. Pleadings—Demurrer—Principal and Agent—Allegations Sufficient.**

As a demurrer to the complaint admits the truth of its allegations, a demurrer thereto on the ground that it was not alleged that the superintendent of a corporation had the power to make contracts of the nature claimed, is bad, the complaint alleging that the contract was made with the corporation.

**2. Pleadings—Demurrer—Rebate—Discrimination—Connecting Carrier—Allowance.**

A complaint alleging that defendant railroad company agreed to pay the plaintiff a sum equivalent to ½ cent per 100 pounds for lumber delivered to it by the plaintiff's connecting tramroad for shipment, and that the amount demanded was for lumber thus delivered, a demurrer on the ground that, in effect, it was a rebate or discrimination in rates in plaintiff's favor, is bad, it not appearing that any of plaintiff's lumber was embraced in the shipments. Ch. 320, sec. 4, Laws of 1891 (then in force). The demurrer was properly overruled and defendant allowed to answer over. Revisal, 506.

APPEAL from *W. J. Adams, J.,* at September Term, 1909, of MOORE.

The facts are sufficiently stated in the opinion of the Court.

*R. L. Burns* for plaintiff.
*H. F. Seawell* and *Guthrie & Guthrie* for defendant.

CLARK, C. J. On 5 May, 1897, the defendant, through its superintendent, entered into a contract with the plaintiff con-

taining the following provision: "For and in consideration of the benefits to be derived by the building of a tramroad by the party of the second part, from a point on the line of railroad to a point on the property of the party of the second part, lying on the south side of Richlands Creek, the party of the first part hereby agrees to pay to the party of the second part a sum equivalent to ½ cent per 100 pounds on all lumber or timber delivered by the aforementioned tramroad from some point hereafter to be located on the south side of Richlands Creek."

This action was begun before a justice of the peace for the sum of $200. The complaint alleges that the plaintiff built said tramroad in execution of the terms of said contract and hauled over it 1,108,356 feet of lumber, which he delivered to the defendant, who shipped the same, and that at the rate of compensation prescribed by the contract the plaintiff became entitled to recover the sum of $221.67, but remits all above $200, and the interest on the excess. The defendant demurs: (1) Because it is not alleged that F. D. Jones, superintendent, was authorized to make such contract; (2) that the contract was *ultra vires,* and in conflict with chapter 320, Laws 1891 (then in force), and contrary to public policy.

The demurrer admits the allegations of the complaint to be true. The complaint alleges the contract was made between the defendant and the plaintiff and that in pursuance of it the plaintiff built the tramroad and delivered the lumber, which was hauled over said tramroad in accordance with the terms of the contract. If the superintendent was not authorized to contract for the defendant, that must be set up as a defense in the answer.

As to the last ground of the demurrer, it is not averred that the plaintiff transported any of his own lumber over said tramway. If this contract was an attempt to give the plaintiff a rebate which was forbidden by section 4, ch. 320, Laws 1891 (in force at date of this contract), or a discrimination in rates in favor of plaintiff, this does not appear in, nor is it a fair inference from, the complaint. Such defense can be raised by answer. For all that now appears the "½ cent per 100 pounds" was an allowance to the tramroad for its hauling, which was added to the defendant's rate from the point where it received this lumber.

The court below, therefore, properly overruled the demurrer and gave the defendant leave to answer over. Rev., 506.

Affirmed.