## AGNES SANDLIN v. CITY OF WILMINGTON.

(Filed 4 April, 1923.)

**1. Pleadings—Demurrer—Speaking Demurrer—Municipal Corporations—Cities and Towns—Statutes.**

A demurrer only presents for the determination of the court questions of law upon the facts alleged in the former pleading taking them as true; and a demurrer that goes further, and makes allegation of matters in defense not theretofore alleged by the adverse party, is bad as a "speaking demurrer"; and when a city in its demurrer sets forth exemption from liability under a general or special statute, not referred to in the complaint, the provisions of these statutes will be disregarded in passing upon the demurrer.

**2. Municipal Corporations—Cities and Towns—Government Damages.**

Municipal corporations are not civilly liable to individuals for failure to perform, or for negligence in performing, duties which are governmental in their nature, including, generally, such duties as are imposed upon them by law solely for the public benefit.

**3. Same—Trespass—Taking of Property—Due Process—Constitutional Law.**

An action for damages against a municipality for trespass will not lie unless authority therefor is conferred by statute, or the injury to the property thus caused amounts to its appropriation by the city without due compensation.

**4. Same—Nuisance.**

A municipal corporation is not authorized to maintain a nuisance, and an action will lie against it for damages to property resulting therefrom, regarded and dealt with as an appropriation of the property to the extent of the injury that he has thereby received.

**5. Municipal Corporations—Cities and Towns—Government—Damages.**

An act of a municipality is governmental in its nature when it is done in the exercise of legislative, discretionary, or judicial powers conferred

17—185

thereon for the benefit of the public; but when the damages have resulted from the negligence or torts of their officers or agents in the exercise of powers conferred upon the municipality for its private advantage or profit, it is ordinarily liable to the individual therefor; as also for the negligent performance of duties by its officers or agents specifically imposed by private statute, or under the general law.

**6. Same—Landlord and Tenant—Liens.**

The lessee of lands may maintain an action against a municipal corporation to recover the damage his interest in the leased premises may have received from the defendant's maintaining a private nuisance thereon.

APPEAL by plaintiff from *Devin, J.,* at October Term, 1922, of NEW HANOVER.

From a judgment sustaining a demurrer to the complaint the plaintiff appealed.

*J. Felton Head for plaintiff.*
*K. O. Burgwin for defendant.*

ADAMS, J.   The plaintiff alleges that she and her husband occupy a house and lot on Chestnut Street; that on the lot is an abandoned closet which has never been used by the plaintiff or by any member of her family or household; that a pipe connects the closet with the sewer in the street; that the sewer is of irregular or insufficient size, particularly at the place of its union with the pipe; that the defect in construction causes an overflow of sewage through the closet upon the lot and the consequent deposit thereon of refuse and noxious sediment; that such deposit not only causes vile and sickening odors, to the great discomfort, annoyance, and injury of the plaintiff, but causes damage to the yard and premises; and that the defendant permitted these conditions to continue after it had or should have had knowledge of the situation, and has refused and still refuses to abate the alleged nuisance.

The defendant demurred to the complaint on the following grounds: (1) There is no legal obligation on the part of the defendant to remedy the defects or to abate the nuisance referred to in the plaintiff's complaint; (2) the enactment of an ordinance or resolution to abate the nuisance alleged in the complaint is a governmental function, and the city is not civilly liable for failure to pass such resolution or ordinance, or if such resolution or ordinance had been passed, the defendant could not be civilly liable for failure to enforce the same, or to see that it was observed; (3) the defendant had no control over and could exercise no discretion in the things and matters set out in the complaint; (4) under Public Laws of 1913, ch. 66, there was created a county board of health for New Hanover County, and that said board of health was vested with full authority to enact rules and regulations for the preservation of

health, and to enforce the same, and the defendant had no control over or discretion in the same; (5) the cause of action set out in the complaint is to recover damages for the alleged illness of the plaintiff, and the defendant is not civilly liable for injury to the health of its citizens, and particularly of the plaintiff, growing out of and arising from the things and matters set out in the complaint; (6) Private Laws of 1907, sec. 18, ch. 241, provides that the defendant shall not be liable for damage caused by the negligent construction and maintenance of its sewers.

A demurrer admits the allegations of the preceding pleading, and puts to the test the question of their legal sufficiency; it raises an issue or issues of law upon the facts pleaded, but not a question of fact or an issue of fact; and when it invokes the aid of a fact which does not appear in the pleading demurred to, it is denominated a "speaking demurrer," and as such is insufficient. Therefore, we cannot consider the defendant's reference in the demurrer to the Public Laws of 1913 or the Private Laws of 1907. These matters may be pleaded in the answer by way of defense. *Von Glahn v. De Rossett,* 76 N. C., 292; *Moore v. Hobbs,* 77 N. C., 66; *Davison v. Gregory,* 132 N. C., 389; *Wood v. Kincaid,* 144 N. C., 393; *Wilcox v. R. R.,* 152 N. C., 317; *Besseliew v. Brown,* 177 N. C., 65; *Trust Co. v. Wilson,* 182 N. C., 166.

With the fourth and sixth sections eliminated, the demurrer still presents the question whether the complaint sets out a cause of action. The complaint must be given a liberal construction, for one of the objects of the Code system is to see that all actions shall be determined on their merits; and to that end every reasonable intendment and presumption is to be resolved in favor of the pleading. *Hoke v. Glenn,* 167 N. C., 594; *Womack v. Carter,* 160 N. C., 286; *Bank v. Duffy,* 156 N. C., 83; *Jones v. Henderson,* 147 N. C., 120; *Wood v. Kincaid, supra.* When we observe this principle and construe the pleadings with a view to substantial justice, as we are required to do, we find that the complaint charges the defendant with the creation and maintenance of a private nuisance on the premises occupied by the plaintiff; and if the defendant can be held liable to the plaintiff for damages caused by such nuisance the demurrer upon the admitted facts must be overruled. Let us see, then, by reference to former decisions whether the defendant's creation or maintenance of the alleged nuisance is actionable at law. From the various decisions of the Court relating to the duties and liabilities of municipal corporations these conclusions, we think, may fairly be drawn:

1. Such corporations are not civilly liable to individuals for failure to perform, or for negligence in performing, duties which are governmental in their nature, including generally such duties as are imposed upon them by law solely for the public benefit.

2. An action against a municipality for damages to property resulting from the performance of a governmental duty cannot be maintained on the theory of a trespass in the absence of statutory or legislative authority conferring such right of action, but this principle does not apply to an action brought to recover damages for property appropriated without due compensation.

3. A municipal corporation has no more right than an individual to maintain a nuisance, and is equally liable for damages resulting therefrom; and authorized acts of a governmental character which create a nuisance causing damage to a private owner are regarded and dealt with as an appropriation of property to the extent of the injury thereby inflicted.

4. An act is governmental in its nature when it is done in the exercise of the police power or in the exercise of legislative, discretionary, or judicial powers conferred upon a municipality for the benefit of the public.

5. When municipal corporations are acting in their corporate capacity or by virtue of powers exercised for their own advantage they are liable for damages caused by the negligence or torts of their officers or agents.

6. They are also liable in damages for the negligent performance by their officers and agents of duties which are specifically imposed by municipal charters or by special statutes. *Dayton v. Asheville, ante,* 12; *James v. Charlotte,* 183 N. C., 630; *Snider v. High Point,* 168 N. C., 608; *Lloyd v. Venable, ibid.,* 531; *Rhodes v. Durham,* 165 N. C., 679; *Hines v. Rocky Mount,* 162 N. C., 410; *Moser v. Burlington, ibid.,* 141; *Little v. Lenoir,* 151 N. C., 416; *Metz v. Asheville,* 150 N. C., 749; *Hull v. Roxboro,* 142 N. C., 453; *Fisher v. New Bern,* 140 N. C., 506; *Williams v. Greenville,* 130 N. C., 93; *Peterson v. Wilmington, ibid.,* 77; *Levin v. Burlington,* 129 N. C., 185; *McIlhenny v. Wilmington,* 127 N. C., 146; *Pritchard v. Comrs.,* 126 N. C., 908; *Coley v. Statesville,* 121 N. C., 301; *Willis v. New Bern,* 118 N. C., 133; *Russell v. Monroe,* 116 N. C., 721; *Shields v. Durham, ibid.,* 406; *Love v. Raleigh, ibid.,* 297; *Tate v. Greensboro,* 114 N. C., 393; *Moffitt v. Asheville,* 103 N. C., 237; *Hill v. Charlotte,* 72 N. C., 55.

The doctrine that a municipal corporation may be liable in damages for maintaining a private nuisance has frequently been sustained, and is generally adhered to in text-books and decisions. "Though a municipality or other body has power to construct and maintain a system of sewers, and although the work is one of great public benefit and necessity, nevertheless such public body is not justified in exercising its power in such a manner as to create, by a disposal of its sewage, a private nuisance, without making compensation for the injury inflicted, or being responsible in damages therefor, or liable to equitable restraint in a

proper case; nor can these public bodies exercise their powers in such a manner as to create a public nuisance, for the grant presumes a lawful exercise of the power conferred, and the authority to create a nuisance will not be inferred." Joyce on Nuisances, sec. 284. After citing this passage in *Little v. Lenoir, supra, Manning, J.,* remarked that this conclusion is sustained by the decisions of all the courts to whom the question had been presented. So on this point the appeal must be determined against the defendant's contention. *Moser v. Burlington, supra; Hines v. Rocky Mount, supra; Donnell v. Greensboro,* 164 N. C., 330; *Williams v. Greenville, supra.*

The defendant insists, however, that the object of the suit is the recovery of damages for the plaintiff's illness and not for any injury done to the property or to her interest, if any, therein, and that she is not entitled to damages for personal discomfort caused by the alleged nuisance; and this position is sustained by the decisions. It is true that in *Downs v. High Point,* 115 N. C., 182, damages for sickness were allowed, but to this extent that decision has been disapproved, and the rule for the measurement of damages has been stated in cases subsequently determined. *Moser v. Burlington, supra, p.* 144; *Rhodes v. Durham, supra; Hines v. Rocky Mount, supra,* pp. 413-414. But the plaintiff does not stop with an allegation of indisposition or disordered health, but, as we have already indicated, she alleges conditions which may affect her interest in the premises. In the defendant's brief it is said that the property has been leased from the owner and is occupied by the plaintiff and her husband as tenants, and in *Hines's case, supra, Hoke, J.,* held that it is not material whether the tenure of the occupant is that of owner or renter, for either may maintain the action. To what extent the plaintiff's interest, if any, may be affected does not distinctly appear. While neither the character nor the duration of the lease is specifically alleged in the pleadings, no question is raised in the record as to the plaintiff's right to prosecute the suit without the joinder of her husband; but with a view to determining the whole controversy, we suggest at least the expediency of making him a party plaintiff.

The judgment sustaining the demurrer is

Reversed.