### H. S. JONES ET AL. v. CITY OF HIGH POINT.

(Filed 18 May, 1932.)

1. **Appeal and Error J e—Repeated asking of incompetent question held not prejudicial where answer was excluded and not made in hearing of jury.**

    Where witnesses have been repeatedly asked an incompetent question by counsel, but their answers have been excluded and it appears that the answers were not made in the hearing of the jury, an exception to the frequent repetition of the question will be overruled on appeal, it appearing that the appellant had not been prejudiced thereby.

2. **Municipal Corporations E f—Exclusion of testimony of value of plaintiff's land without sewerage plant held not reversible error.**

    In an action against a city for damages caused the plaintiff's land by its sewage disposal plant, exclusion of evidence as to the value of the plaintiff's land without the plant will not be held for error, the proposed testimony being to the value of the land under conditions which did not exist, and the jury being specially instructed that the defendant had a right to erect and operate the plant at the location chosen.

3. **Same—Instruction in this case clearly charged that plaintiff could recover only damages to land caused by odors from sewerage plant.**

    In an action against a city to recover damages caused by its sewage disposal plant an instruction that the jury might take into consideration the decreased market value of the plaintiff's land which was caused by the erection, maintenance and operation of the plant will be taken in connection with the explanatory instructions that the specific question was whether the plaintiff's land had been damaged by reason of odors emanating from the plant, and that the defendant had a right to erect and operate the plant at that site as a governmental function, and the charge will not be held for error and is not subject to the criticism that it is impossible to say upon what part of the charge the verdict was based.

APPEAL by defendant from *Warlick, J.*, at November Term, 1931, of GUILFORD. No error.

.The plaintiffs brought suit to recover damages for injury to their property by the defendant's operation of a sewage disposal plant.

The following verdict was returned by the jury:

1. Are the plaintiffs the owners of the lands described in the complaint, as alleged in the complaint and the amendments thereto? Answer: Yes—by consent.

2. Have the plaintiffs' lands, as described in the complaint, been damaged by the installation and maintenance of the defendant's sewage disposal plant, as alleged in the complaint? Answer: Yes.

3. If so, what permanent damages, if any, are the plaintiffs entitled to recover? Answer: $3,500.

Judgment for the plaintiffs and appeal by the defendant upon assigned error.

*Walser & Casey and Frazier & Frazier for plaintiffs.*
*Grover H. Jones and Sapp & Sapp for defendant.*

ADAMS, J. We have scrutinized the defendant's exceptions and find that a minute review of them would result merely in a restatement of familiar principles. It is hardly necessary to do more than advert to some of the exceptions entered of record, but none has been overlooked.

H. S. Jones, one of the plaintiffs, was asked on the direct examination whether the premises in question had been infested with flies and mosquitoes subsequently to the construction of the plant. The defendant's objection was sustained. Thereafter the interrogatory was propounded to several other witnesses and in each instance the court made the same ruling. The defendant excepted to the frequent repetition of the question, but as the answer was recorded "not in the hearing of the jury" we are unable to see how the defense could have been prejudiced. These exceptions are therefore overruled.

The court excluded evidence tending to show the reasonable market value of the land without the plant and the defendant excepted on the ground that the answer would have shown that the witness based his estimate of the decreased value of the land solely on the fact that the plant had been built at its present site. We do not agree with the defendant in its interpretation of the proposed evidence. The gravamen of the complaint is the partial taking of the plaintiffs' property by the creation of a nuisance, and the jury was specially instructed that the defendant had the right to erect the plant and install the machinery. *Dayton v. Asheville,* 185 N. C., 12; *Sandlin v. Wilmington,* 185 N. C., 257. The mere circumstance that the witness was not permitted to express an opinion as to the value of the land under conditions which did

not exist is not an adequate reason for disturbing the ·judgment. The other exceptions to the evidence, we think, are without substantial merit and require no discussion.

The court gave the substance of the prayer for instruction which is the subject of the twenty-third exception; and the objection that the jury was permitted to attribute the decreased market value of the property to the erection, maintenance, and operation of the plant must be taken in connection with the explanatory instruction that the specific question was whether the premises were substantially affected by odors emanating from the plant in its operation. The charge on this point, we think, is not subject to the criticism that it is impossible to say upon what part of the charge the verdict was based. The judge. told the jury in words that could not have been misunderstood that the defendant had the right to operate the plant as a governmental function and more than once directed attention to the immediate question whether odors emanating from the plant substantially decreased the market value of the land. We are unable to discover any sufficient reason for holding that upon return of the jury to the box the court's definition of a nuisance was detrimental to the defense. For these reasons exceptions 27-30 must be overruled. The others are formal.

No error.