AMERICAN CONCESSIONAIRES, INC., Plaintiff, *v.* CITY OF LONG BEACH, Defendant.

Supreme Court, Trial Term, Nassau County, March 8, 1938.

*Meyer Alterman*, for the plaintiff.

*Irving G. Warshaw*, for the defendant.

CUFF, J. Motion to dismiss complaint because it fails to state a cause of action. Counsel dispute terminology and the form of the suit. Neither makes any difference.

The damage that plaintiff claims it sustained, regardless of what form is ascribed to the action, is the result of defendant's failure to enforce its ordinances, which laxness permitted people to sell articles within a reserved section of the city — the beach — which space, under a written contract, signed by plaintiff and defendant, was for the exclusive use of plaintiff for the purpose of selling those same articles. In other words, plaintiff, who had paid for and was entitled to the sole privilege, met competition from others who had not paid and had no right to dispense their wares on the beach. Plaintiff alleges that it had the right to expect that ordinances affecting its rights under the contract would be enforced.

By the agreement the defendant was to do two things: (1) Give plaintiff " an exclusive lease to operate " on the reserved section in dispensing certain enumerated things, and (2) not " to license or lease   *   *   *   any other   *   *   *   to engage in any business similar to the businesses exclusively granted to the lessee."

The nub of this action is that plaintiff wants to add to the written contract an implied provision to the effect that defendant by some of its agencies should have prevented the competition complained of. It charges that its competitors carried on in violation of an ordinance and that mere enforcement of the law would have removed the cause for the losses it sustained in the enterprise contemplated by the contract.

The question is, was the duty to enforce that or any ordinance a part of the contract? The answer is, no. Although not a part of the written contract, may it be implied and alleged as a cause of damage? The answer is, no.

There is no plea that defendant licensed these competitors, granted to them any permits or privileges, or violated the terms of the agreement in any other way. The liberties that the competitors enjoyed resulted from defendant's nonfeasance. A right of action may not be based upon such failure to perform a duty. (6 McQuillin Municipal Corporations [2d ed.], § 2792; *Lloyd* v. *Mayor of New York*, 5 N. Y. 369; *Springfield Fire Ins. Co.* v. *Village of Keeseville*, 148 id. 46.) In the foregoing statement I have assumed that every allegation of the complaint is true and could be established, which is the proper treatment when considering a motion to dismiss.

While matters not mentioned in a contract may be implied, this is not a situation where that rule should be invoked.

Plaintiff claims that there was no enforcement of the city's ordinances. The next case would be based upon an insufficient enforcement. If such actions were entertained in every instance where a concession contract was entered into by a municipality, the efficiency of its police department would be the subject of litigation.

Plaintiff opens his argument by asking the court to disregard the fact that defendant is a municipal corporation and urges that it be treated like a private individual. That cannot be done. Dealing with a municipal corporation has its advantages as well as its drawbacks. When one contracts with such an entity, it is presumed that he knew of all of the peculiarities of conduct that are characteristic of public officials, who in their actions cannot demean themselves like businessmen because each step that they take is circumvented by law.

In *Peck* v. *City of Austin* (22 Tex. 261) the situation was similar to the case at bar. It holds against the very enlargement of the contract that plaintiff here urges. I think that Texas case states the law. The motion is granted.