■ ZION TSABBAR, D.D.S., P. C., Appellant, v SOLOMON HIRSCH et al., Respondents. [698 NYS2d 651] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered August 10, 1998, which, insofar as appealed from, granted defendants' motions for summary judgment dismissing plaintiff's causes of action for negligence, conversion and replevin, unanimously affirmed, without costs.

Plaintiff's cause of action for negligence was properly dismissed for lack of evidence sufficient to raise an issue of fact as to whether the perpetrator of the arson was an intruder who gained access to plaintiff's office through a negligently maintained building entrance (*see, Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 552; *Bennett v Twin Parks Northeast Houses*, 93 NY2d 860). Plaintiff's contention that the arsonist was an intruder, which is based on prior complaints about loitering and vandalism in the building, is speculative, given that there were no witnesses to the arson, that the authorities could not gain entry to the building through its front door at the time of the fire, and that there is no evidence of forced entry to the building or plaintiff's suite (*cf., Cisse v S.F.J. Realty Corp.*, 256 AD2d 257). The cause of action for conversion was properly dismissed based on evidence establishing that plaintiff's insurer was insisting that the site remain intact

during the investigation and that defendants never claimed or exercised dominion and control over plaintiff's property in the burned-out office. The cause of action for replevin was properly dismissed on the ground that none of the defendants continue to own or manage the premises. We have considered and rejected plaintiff's argument that the motions for summary judgment were untimely. Concur—Tom, J. P., Andrias, Saxe and Friedman, JJ.