■ ARTALYAN, INC., et al., Appellants-Respondents, et al., Plaintiffs, v KITRIDGE REALTY Co., INC., et al., Respondents, and CITY OF NEW YORK et al., Respondents-Appellants. [860 NYS2d 100]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered April 20, 2007, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Kitridge Realty Co., Inc., Irving Goldman, Wembly Management Co., Inc., IG Second Generation Partners, L.P., IG Second Generation Partners & I BLDG Co., Inc., and IG Second Generation Partners & I BLDG Co. (the Kitridge defendants) for summary judgment dismissing that portion of the complaint of plaintiffs Artalyan, Inc., Duran Jewelry, Inc., Oscar Platinum & Co., Roy Rover New York, Inc., Rover & Lorber, LLC, Roy Rover individually, and Ultramax, Inc. (plaintiffs) setting forth claims for conversion; granted the motion of defendant Extreme Building Services for summary judgment dismissing the complaint as against it; and granted the motion of the City of New York and New York City Police Department (the city defendants) for summary judgment dismissing the claims against them for conversion, unanimously affirmed, without costs. Order, same court and Justice, entered April 24, 2007, which granted defendant MRC II Contracting's motion for summary judgment dismissing the complaint against it, unanimously affirmed, without costs. Order, same court and Justice, entered June 26, 2007, which denied the city defendants' motion for summary judgment with respect to plaintiffs' negligence claim premised on alleged failure to safeguard plaintiffs' personal property, unanimously reversed, on the law, without costs, to dismiss the negligence claim as against the city defendants.

The motion court properly dismissed plaintiffs' claims for conversion. The record is devoid of evidence that either the Kitridge defendants or MRC II had control and dominion over plaintiffs' property; thus, they cannot be liable for conversion (*see Zion Tsabbar, D.D.S., P.C. v Hirsch*, 266 AD2d 91, 92 [1999]; *cf. Glass v Wiener*, 104 AD2d 967, 968-969 [1984]). Similarly, defendant Extreme was not liable for conversion, as the record demonstrates that it also did not exercise dominion and control over plaintiffs' property, but merely did as it was directed to do by excavating the building debris and turning over any recovered property to the New York City Police Department for safekeeping. Finally, the city defendants cannot be liable for conversion, as the record is devoid of evidence that any city employee claimed possession of plaintiffs' property, wrongfully denied plaintiffs access to it, or wrongfully disposed of it.

Further, defendants are not subject to vicarious liability for any conversion that was allegedly carried out by their employ-

ees. With respect to Extreme and MRC II, the acts complained of were not within the scope of employment for either one of those defendants' employees, as such acts, if any, would have been committed for personal motives unrelated to the furtherance of the employers' business (*see Naegele v Archdiocese of N.Y.*, 39 AD3d 270, 271 [2007], *lv denied* 9 NY3d 803 [2007]; *Adams v New York City Tr. Auth.*, 211 AD2d 285, 294 [1995], *affd* 88 NY2d 116 [1996]; *Campos v City of New York*, 32 AD3d 287, 291-292 [2006], *lv denied* 8 NY3d 816 [2007], *lv dismissed* 9 NY3d 953 [2007]). Similarly, there is no basis for vicarious liability against the Kitridge defendants, as they did not control the actions of Extreme's or MRC II's employees at the demolition site, nor is there any evidence in the record that any of their employees deliberately took property from the site (*see Marino v Vega*, 12 AD3d 329, 330 [2004]).

The motion court also erred in denying the city defendants' motion to dismiss the complaint insofar as asserted against them for negligence. A public employee's discretionary acts may not result in the municipality's liability even when the conduct is negligent (*Pelaez v Seide*, 2 NY3d 186, 198 [2004]; *Lauer v City of New York*, 95 NY2d 95, 99 [2000]). Rather, to impose liability, duty must be born of a special relationship between the plaintiff and the governmental entity, and when such relationship is shown, the government is under a duty to exercise reasonable care toward the plaintiff (*Pelaez*, 2 NY3d at 198-199; *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]). Here, plaintiffs allege that there was a special relationship between them and the city defendants because of the city defendants' voluntary assumption of a duty that generated justifiable reliance. However, plaintiffs failed to sustain their heavy burden of showing any special relationship between itself and the City (*Pelaez*, 2 NY3d at 202). To the contrary, none of the evidence in the record showed that plaintiffs justifiably relied on any statements by city representatives, and in any event, the alleged statements of city representatives were too vague to induce plaintiffs' reasonable reliance (*see Luisa R. v City of New York*, 253 AD2d 196, 203 [1999]; *Taebi v Suffolk County Police Dept.*, 31 AD3d 531 [2006]).

In light of the foregoing, we need not consider the parties' remaining contentions. Concur—Saxe, J.P., Gonzalez, Nardelli and McGuire, JJ.