■ GILBERT LAU, Appellant, v 7TH PRECINCT OF THE POLICE DEPARTMENT OF THE COUNTY OF NEW YORK et al., Respondents. [917 NYS2d 558]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered April 5, 2010, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Order, same court and Justice, entered February 5, 2010, which denied plaintiff's motion to serve an amended complaint, unanimously affirmed, without costs.

Although defendants stated in their notice of motion that

they sought an order pursuant to CPLR 3212 granting summary judgment, in the supporting affirmation, they argued that the complaint failed to state a cause of action (CPLR 3211 [a] [7]), and the exhibits annexed to the affirmation consist solely of pleadings. Upon analyzing the pleadings, the motion court granted defendants' motion "for summary judgment . . . dismissing plaintiff's complaint for failure to state a cause of action."

Summary judgment was properly granted although the complaint could have been dismissed pursuant to CPLR 3211 (a) (7). Also, plaintiff's argument that the court should have denied defendants summary judgment because the evidence raises issues of fact whether he had a special relationship with the police is unavailing. His General Municipal Law § 50-h hearing testimony is insufficient to establish the elements of such a relationship (see *Luisa R. v City of New York*, 253 AD2d 196, 203 [1999]; *Artalyan, Inc. v Kitridge Realty Co., Inc.*, 52 AD3d 405, 407 [2008]). Among other things, the police advised plaintiff that they could not help him in this matter and that he would be arrested if he continued to call them. In the face of this evidence, plaintiff cannot establish reasonable reliance upon any purported promise of police protection.

Plaintiff's proposed amended complaint failed to remedy the factual deficiencies in his original complaint (*Pacheco v Fifteen Twenty Seven Assoc.*, 275 AD2d 282, 284 [2000]; *Schulte Roth & Zabel, LLP v Kassover*, 28 AD3d 404 [2006]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Saxe, J.P., Friedman, DeGrasse, Freedman and Abdus-Salaam, JJ.