Weshnak v. Bank of America

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of January, two thousand twelve.

PRESENT: DENNIS JACOBS,
                          Chief Judge,
            RICHARD C. WESLEY,
            SUSAN L. CARNEY,
                          Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
MARILYN WESHNAK, et al.,
        Plaintiffs-Appellants,

        -v.-                                        11-3107

BANK OF AMERICA, N.A.,
        Defendant-Appellee,

NICHOLAS COSMO, et al.,
        Defendants.
- - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANTS:**   Susan K. Alexander (Sanford Svetcov, Samuel H. Rudman, Robert M. Rothman, Edward Y. Kroub, <u>on the brief</u>), Robbins Geller Rudman & Dowd LLP, Melville, NY, San Francisco, CA.

**FOR APPELLEE:**   Pamela A. Miller (Michael D. Schissel, <u>on the brief</u>), Arnold & Porter LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Spatt, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiffs, victims in a Ponzi scheme perpetrated by Nicholas Cosmo through Agape World, Inc., and other entities (collectively, "Agape"), appeal the dismissal of their amended consolidated class action complaint against Bank of America ("BOA"), which alleges aiding and abetting fraud, conversion, and breach of fiduciary duty. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"[W]e review the grant of a Rule 12(b)(6) motion to dismiss <u>de</u> <u>novo</u>, construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." <u>Chase Grp. Alliance LLC v. City of N.Y. Dep't of Fin.</u>, 620 F.3d 146, 150 (2d Cir. 2010) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

"Under New York law, the elements of aiding and abetting a breach of fiduciary duty, aiding and abetting a conversion, and aiding and abetting a fraud are substantially similar. The claims require the existence of a primary violation, actual knowledge of the violation on the part of the aider and abettor, and substantial

2

assistance." <u>Kirschner v. Bennett</u>, 648 F. Supp. 2d 525, 533 (S.D.N.Y. 2009); <u>see</u> <u>also</u> <u>Lerner v. Fleet Bank, N.A.</u>, 459 F.3d 273, 292-95 (2d Cir. 2006). We need not determine whether Plaintiffs adequately pled that BOA had actual knowledge of Cosmo and Agape's violation; Plaintiffs' complaint does not plausibly state a claim that BOA substantially assisted in it.

Plaintiffs allege that Tom Sullivan, a BOA senior manager, recommended a structure of accounts that allowed Agape to move money from sub-accounts into an operating account and a Remote Depository System that allowed Agape to deposit checks from its headquarters. Plaintiffs allege that Rebecca Campagnuolo, a BOA employee, provided banking services to Agape from within Agape's headquarters, including issuance of a check from an Agape account to an investor. Plaintiffs do not sufficiently allege that these services differed from those BOA provided other large commercial customers. A bank's provision of "its usual banking services to a customer . . . does not in and of itself rise to the level of substantial assistance." <u>Rosner v. Bank of China</u>, 2008 WL 5416380, No. 06-CV-13562, at *12 (S.D.N.Y. Dec. 18, 2008) (internal quotation marks omitted); <u>see</u> <u>also</u> <u>e.g.</u>, <u>Ryan v. Hunton & Williams</u>, 2000 WL 1375265, No. 99-CV-5938, at *9 (E.D.N.Y Sept. 20, 2000).

Plaintiffs allege that when BOA customers received large deposits into their accounts, Campagnuolo tipped off Agape brokers so that they could solicit investments from these potential victims, and that Campagnuolo's husband received three payments totaling more than $31,000 from Agape. An employer is not vicariously liable for acts committed by employees "for personal motives unrelated to the furtherance of the employer['s] business." <u>Artalyan, Inc. v. Kitridge Realty Co.</u>, 52 A.D.3d 405, 407, 860 N.Y.S.2d 100, 102 (1st Dep't 2008); <u>see</u> <u>also</u> <u>Swarna v. Al-Awadi</u>, 622 F.3d 123, 144 (2d Cir. 2010). It is implausible that Campagnuolo acted in furtherance of BOA's business by identifying its customers to be defrauded.

Finding no merit in Plaintiffs' remaining arguments, we hereby **AFFIRM** the judgment of the district court.


                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK