12-3624-cv
*Paladini v. Capossela, Cohen, LLC*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand thirteen.

PRESENT: JOHN M. WALKER, JR.,
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,

*Circuit Judges.*

—————————————————————————

MARCELO PALADINI,

*Plaintiff-Appellant,*

-v.-                                    12-3624-cv

CAPOSSELA, COHEN, LLC,

*Defendant-Appellee.*

—————————————————————————

FOR APPELLANT:     Douglas E. Spelfogel, Foley & Lardner
                   LLP, New York, NY (Stephen A. Aschettino,
                   Naomi D. Johnson, Aschettino Struhs LLP,
                   New York, NY, *on the brief*).

FOR APPELLEE:      Sophia Ree (Jennifer Wu, *on the brief*),
                   Landman Corsi Ballaine & Ford P.C., New
                   York, NY.

Appeal from the United States District Court for the Southern District of New York (Preska, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Marcelo Paladini ("Paladini") appeals the August 15, 2012 judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*) dismissing his claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

Paladini argues that Defendant-Appellant Capossela, Cohen, LLC ("Capossela") completed faulty corporate audits and made negligent representations that caused an overvaluation of his companies' worth. Paladini claims the overvaluation led him to take out two loans on behalf of his companies, which he personally guaranteed, to facilitate a buyout of the companies' then co-owner. He contends that inflated distributions were made to purchase the co-owner's overvalued shares, and that the companies then defaulted on their loans and filed for bankruptcy. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Paladini sued Capossela for auditor malpractice, general malpractice, negligence, negligent misrepresentation, indemnification, and breach of fiduciary duty. The district court dismissed the auditor malpractice claim because Paladini failed to plausibly plead that Capossela's alleged wrongful acts proximately caused any harm.  The district court then dismissed the remaining claims as duplicative of the auditor malpractice claim and, in the alternative, for failure to plausibly plead proximate cause.

We affirm the dismissal of the auditor malpractice claim for substantially the same reasons as the district court.  The wrongful acts that Paladini pleads with requisite specificity occurred after his companies undertook the loans and made the distributions.  Those acts could not have proximately caused Paladini's harms.  Contrary to Paladini's assertion, a district court can dismiss an action based on proximate cause at the pleading stage. *See, e.g.*, *Lattanzio v. Deloitte & Touche LLP*, 476 F.3d 147, 157 (2d Cir. 2007). Paladini's opening brief waives the district court's dismissal of the remaining claims as duplicative. *See Tolbert v. Queens College*, 242 F.3d 58, 75 (2d Cir. 2001).

3

Paladini also claims that the district court erred by considering documents neither attached to the complaint nor incorporated by reference into that pleading.  Those documents, however, were integral to the complaint and the district court was free to consider them.  *See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995).

We have considered all of Paladini's arguments on appeal and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk