*Jacobs v. Barclays Bank PLC*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

JOSHUA JACOBS,

>*Plaintiff-Appellant*,

>v.                                                  No. 25-559

BARCLAYS BANK PLC,

>*Defendant-Appellee*.

---

**For Plaintiff-Appellant:** Stephen Bergstein, Bergstein & Ullrich, New Paltz, NY.

**For Defendant-Appellee:** Stacy D. Blank, Holland & Knight, LLP, Tampa, FL; Duvol M. Thompson, Noah W.S. Parson, Holland & Knight, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ronnie Abrams, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 7, 2025 judgment of the district court is **AFFIRMED**.

Joshua Jacobs appeals from an order dismissing his claims against Barclays Bank PLC ("Barclays") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In essence, Jacobs alleges that Barclays aided and abetted an elaborate fraud in which two "scammers" fraudulently induced Jacobs to transfer more than a million dollars to accounts at Barclays that were controlled, and later drained, by the scammers. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), "accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 503 (2d Cir. 2022). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard becomes stricter when a plaintiff's claim sounds in fraud – as Jacobs's only reviewable claim does here.[1] In such circumstances, plaintiffs must satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard by alleging facts that "give[] rise to a strong inference of fraudulent intent." *United States v. Strock*, 982 F.3d 51, 66 (2d Cir. 2020) (internal quotation marks omitted).

Jacobs alleges that he was the victim of a fraudulent scheme in which an individual he met on the internet induced him to wire money to invest in a non-

---

[1] While Jacobs initially brought three claims against Barclays, J. App'x 10–12, he consented below to the dismissal of his third claim, brought under Uniform Commercial Code § 4-A-202, *see id.* at 18, and on appeal he does not discuss his second claim, brought under New York's common law of negligence, *see* Jacobs Br. 7, 19; *see also Lore v. City of Syracuse*, 670 F.3d 127, 149 (2d Cir. 2012) ("[I]ssues not raised in a party's opening brief are considered abandoned." (alterations adopted and internal quotation marks omitted)).

existent Ghanian cocoa farm. J. App'x at 16. Between August and November 2021, Jacobs wired over a million dollars to two Barclays accounts in London. *Id.* at 7–8. Almost two years later, suspecting that the investment was a scam, Jacobs sent Barclays a letter alerting the bank to the fraud and "demand[ing] identifying information and documentation related to the individuals/entities" that controlled the accounts to which he wired money. *Id.* at 9. He alleges that Barclays "declined to accept delivery" of this letter, *id.*, but provides no facts to support that conclusion.

To make out a viable aiding-and-abetting fraud claim under New York law, Jacobs "must show (1) the existence of a fraud; (2) the defendant's knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraud's commission." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292 (2d Cir. 2006) (alteration adopted and internal quotation marks omitted). Jacobs alleges that Barclays's failure to confirm the identities of the owners of the accounts to which he wired his money, as well as its failure to reply to his letter requesting additional information, constituted substantial assistance in furtherance of the fraud. But these allegations, without more, cannot support an aiding-and-abetting fraud claim under New York law. *See Nat'l Westminster Bank USA v. Weksel*, 511

4

N.Y.S.2d 626, 629 (1st Dep't 1987) (dismissing for failure to allege substantial assistance where "the transactions which plaintiff in hindsight describes as 'sham' were, so far as can be gathered from the complaint, completely unobjectionable at the time they were agreed to").

We have recognized that under New York law "[s]ubstantial assistance occurs when a defendant affirmatively assists, helps conceal[,] or fails to act when required to do so, thereby enabling the breach to occur." *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 345 (2d Cir. 2018); *see also id.* ("Under New York law, the elements of aiding and abetting a breach of fiduciary duty, aiding and abetting a conversion, and aiding and abetting a fraud are substantially similar."). Jacobs has not alleged – much less pleaded with the specificity required by Rule 9(b) – what affirmative assistance Barclays rendered to the scammers or what "require[ment]" Barclays failed to carry out. *Id.* At most, he alleges that Barclays *could have* done more due diligence after-the-fact to ascertain the real identities of its account owners. But we have repeatedly said that "banks do not owe non-customers a duty to protect them from the intentional torts of their customers." *Lerner*, 459 F.3d at 286 (alteration adopted and internal quotation marks omitted); *see also, e.g., Berman v. Morgan Keegan & Co.*, 455 F. App'x 92, 96 (2d Cir. 2012) ("It is well-

5

established that the mere fact that participants in a fraudulent scheme use accounts at a financial institution to perpetrate it, without more, does not in and of itself rise to the level of substantial assistance." (alterations adopted and internal quotation marks omitted)); *Weshnak v. Bank of Am., N.A.*, 451 F. App'x 61, 62 (2d Cir. 2012) ("A bank's provision of its usual banking services to a customer does not in and of itself rise to the level of substantial assistance." (alteration adopted and internal quotation marks omitted)).

Indeed, New York law provides that a bank's simple failure to intervene in fraudulent transfers "constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff." *Lerner*, 459 F.3d at 295 (quoting *Kaufman v. Cohen*, 760 N.Y.S.2d 157, 170 (1st Dep't 2003)); *SPV Osus Ltd.*, 882 F.3d at 346 (same). Jacobs alleges no such duty here. We therefore agree with the district court that Jacobs's complaint failed to state a claim under Federal Rule of Civil Procedure 12(b)(6).

\* \* \*

We have considered Jacobs's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6